UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK J. FISHER,

        Petitioner,

                              CIVIL CASE NO. 05-CV-74910-DT
v.                                  HONORABLE DENISE PAGE HOOD

CITY OF ROCHESTER HILLS, et al.,

        Respondents.
        _____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Patrick J. Fisher, through counsel, is challenging a judgment of sentence (payment of a monetary fine and a probation order) arising from a drunk driving guilty-plea conviction, which was imposed by the 52 District Court, Third Division, in Rochester Hills, Michigan in August, 2005. Petitioner has apparently paid the fine, but seeks to be released from the probation order which he claims is invalid. In his pleadings, Petitioner states that he has an appeal pending in the Oakland County Circuit Court regarding this same matter.

**II.    Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160

1

(6th Cir. 1994).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies.  Petitioner admits that he has an appeal pending in the Oakland County Circuit Court relating to the subject matter of this petition.  Petitioner must complete the state court process before seeking habeas relief in federal court.  The fact that Petitioner may be bound by the probation order pending his state appeals does not warrant this Court's intervention or a waiver of the exhaustion requirement.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he can proceed on habeas review.  Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

**III.    Conclusion**

The Court concludes that Petitioner has not fully exhausted his state court remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.

**SO ORDERED**.

 /s/ Denise Page Hood  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

DATED:  April 21, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2006, by electronic and/or ordinary mail.

s/William F. Lewis  
Case Manager

2